LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

PHILLIP SULLIVAN, JR.,

    Plaintiff,

-against-

DOCTOR'S ASSOCIATES LLC,
GEETA FASTFOOD ENTERPRISE INC,
and ABHIMANUE MANCHANDA,

    Defendants.

Case No.:

**COMPLAINT**

---

Plaintiff, PHILLIP SULLIVAN, JR. (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, DOCTOR'S ASSOCIATES LLC, GEETA FASTFOOD ENTERPRISE INC, and ABHIMANUE MANCHANDA (hereinafter "Defendants"), pursuant to 42 U.S.C. § 12181, *et seq.*, of the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City Law").

1

**PRELIMINARY STATEMENT**

1. Plaintiff, PHILLIP SULLIVAN, JR., is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. Plaintiff was treated with rudeness and was refused service and suffered discrimination on the basis of his disability when he attempted to purchase food from a Subway restaurant in New York State. Through the discriminatory treatment he faced, and because of the failure to provide readily available technological aids to the hearing impaired, Plaintiff learned not only that Subway restaurants are inaccessible to deaf individuals, but also that Subway restaurants' employees, managers, and franchisees are inadequately trained and improperly educated about the communication needs and rights of deaf individuals.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, and 1367, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City Law").

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

5. Defendants are registered to do business in New York State and have been doing business in New York State, including the Southern District of New York. Defendants have been and are committing the acts alleged herein in the Southern District of New York, have been and

are violating the rights of consumers in the Southern District of New York, and have been and are causing injury to consumers in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York.

## PARTIES

6.	Plaintiff is and has been at all times material hereto a resident of New York County, New York.

7.	Plaintiff is legally deaf and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR § 36.101 *et seq.*, the New York State Human Rights Law, and the New York City Human Rights Law.

8.	Defendant DOCTOR'S ASSOCIATES LLC (hereinafter "Defendant Doctor's Associates") is a Florida limited liability company with a principal address located at 8400 NW 36th St. Suite 530, Doral, FL 33166 and a mailing address at 325 Sub Way, Milford, CT 06461. Defendant Doctor's Associates has a registered agent, Corporation Service Company, with the address 1201 Hays Street, Tallahassee, FL 32301.

9.	Defendant DOCTOR'S ASSOCIATES LLC is the franchisor of Subway restaurants. Subway is a fast-food restaurant franchise that primarily sells submarine sandwiches, with over 26,000 restaurants in the United States owned and operated by the chain's franchisees. Subway is the largest franchise, single-brand restaurant chain, and restaurant operator in the world.

10.	Defendant GEETA FASTFOOD ENTERPRISE INC (hereinafter "Defendant Geeta Fastfood") is the franchisee which holds the business license to operate the Subway restaurant located at 223 Avenue B, New York, NY 10009. Defendant Geeta Fastfood is a New York business corporation which has a DOS Process agent, Ashok Kumar, with the address 573 Main Street, New Rochelle, New York 10801.

11. Defendant Abhimanue Manchanda (hereinafter "Defendant Manchanda") is the individual who owns the Subway restaurant located at 223 Avenue B, New York, NY 10009 (hereinafter the "Restaurant" or "Subway Restaurant"), under the business entity Geeta Fastfood Enterprise Inc.. Defendant Manchanda exercises actual control over the day-to-day operations of the Subway Restaurant.

12. The Restaurant is a public accommodation under federal and state antidiscrimination laws and is subject to the requirements thereof.

**FACTUAL ALLEGATIONS**

13. Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language, in which he communicates fluently.

14. On September 20, 2018, Plaintiff personally visited the Subway Restaurant located at 223 Avenue B, New York, NY 10009 with the intention of buying a steak sandwich.

15. At that time, an employee behind the counter was in charge of taking customers' orders. Plaintiff pointed to the food on the counter and used hand gestures to indicate that he wanted a steak sandwich. The fact that Plaintiff was deaf was clearly noted by the employee.

16. Rather than accommodate Plaintiff's disability and attempt to communicate with him, Defendant Manchanda's employee was impatient and angry. The employee used angry hand gestures and aggressive body language when communicating with Plaintiff. Plaintiff did not understand the exact meaning of the employee's hand gestures and body language, but felt humiliated and confused.

17. The Restaurant employee then expressed her anger by taking a sandwich and forcefully smashing the sandwich flat on the counter. It was clear from the hostile act that the employee did not intend to serve the sandwich to Plaintiff.

18. Plaintiff's order was not processed, and no other Restaurant employee communicated with Plaintiff, leaving Plaintiff feeling humiliated, frustrated, and helpless. Plaintiff then left the Subway Restaurant.

19. Based on the incident described above, Defendants failed to provide the same service to deaf individuals as they provide to hearing (i.e., non-deaf) individuals.

20. Defendant Manchanda offered no equivalent alternative service or accessible means for Plaintiff to place an order at the Subway Restaurant. Defendant Manchanda's conduct caused Plaintiff to be denied the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations.

21. Defendant Manchanda's discriminatory conduct on the basis of Plaintiff's disability caused Plaintiff to suffer emotional distress, including humiliation and helplessness.

22. Defendant Doctor's Associates is the franchisor of Subway restaurants and has significant control over the way its franchise owners and franchisees operate the business. As the franchisor, Defendant Doctor's Associates is responsible for setting company policy and providing adequate ongoing training on a regular basis to franchise owners. It is also responsible for providing ongoing support and necessary tools and resources to its franchise owners, including regular training and education on providing proper access to individuals with disabilities under the ADA. Defendant Doctor's Associates is additionally responsible for addressing any concerns or issues that may arise as well as maintaining overall brand reputation, awareness, and development.

23. Defendant Doctor's Associates has actual control and responsibility over all Subway restaurants' compliance, adherence to laws, franchisee training, and the way franchise owners conduct their business, as well as setting Employment Practices and Code of Conduct policy for all franchisees. Defendant Doctor's Associates failed to fulfill its responsibility to set

anti-harassment and anti-discrimination policies within its Employment Practices and/or Code of Conduct policies. As a result of its failure to provide adequate anti-harassment, discrimination, and ADA compliance training to its franchisees and franchise owners which emphasizes the responsibility to conduct their business in a manner which prevents discrimination against persons with disabilities, as well as requiring that all franchisees and franchise owners adhere to an Zero Tolerance policy against discrimination and harassment as part of its Employment Practices and/or Code of Conduct policies, Defendant Doctor's Associates caused Plaintiff to suffer substantial harm and discrimination.

24. Defendant Geeta Fastfood is the franchisee and business entity which holds a current license to operate the Subway Restaurant. Plaintiff was barred from access at Defendant Geeta Fastfood's Restaurant, and the harm and discrimination suffered by Plaintiff occurred at Defendant Geeta Fastfood's Restaurant.

25. Defendant Manchanda, as the individual franchise owner, is responsible for implementing business operations. Defendant Manchanda failed to properly train his employees to not discriminate against deaf patrons and other individuals with disabilities, resulting in Plaintiff suffering abusive conduct and being unable to purchase goods and services as the Restaurant. As a result of the deficient training, employee awareness, and Restaurant policies at Defendant Manchanda's Restaurant, Plaintiff suffered substantial harm through the deliberate discrimination on the basis of his disability by the Restaurant employee.

26. Defendants utilize standards, criteria, or methods of administration that have the effect of discriminating against or perpetuating the discrimination of the hearing impaired.

27. The failure of Defendants to provide equal access to deaf and hard-of-hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public

accommodation's goods, services, facilities, and privileges. Places of public accommodation include "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201(a); 42 U.S.C. § 12181(7).

28. Defendants also fail to utilize proper and readily available technology that would allow hearing impaired individuals to place orders at the Restaurant. Failure to provide such technology is an access barrier in violation of the ADA and New York State and City laws.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 12181, *et seq.* — Title III of the Americans with Disabilities Act)

29. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

30. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

31. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

32. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

33. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."42 U.S.C. § 12182(b)(2)(A)(iv – v).

34. Defendants operate a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7).

35. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

36. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

37. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C.

§ 12101 *et seq.*, and the regulations promulgated thereunder. Individuals who are deaf and hard-of-hearing have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

38. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

39. Modifying its policies, practices, and services to make its service accessible to deaf and hard-of-hearing individuals would not fundamentally alter the nature of Defendants' business, nor would it pose an undue burden to this flourishing company.

40. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its restaurants in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and/or its implementing regulations.

41. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm. Plaintiff intends to return to the Subway Restaurant in the future once the service is available.

42. The actions of Defendants were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

43. Plaintiff is also entitled to reasonable attorneys' fees and costs.

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)

45. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

46. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

47. Defendant Manchanda operates a place of public accommodation as defined by N.Y. Exec. Law § 292(9).

48. Defendants are subject to New York Human Rights Law because they own, license, and/or operate the Subway Restaurant. Defendants are persons within the meaning of N.Y. Exec. Law § 292(1).

49. Defendants are violating N.Y. Exec. Law § 296(2)(a) in failing to provide deaf and hard-of-hearing patrons full and equal access to the facilities, goods, and services that Defendants make available to the non-disabled public.

50. Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges,

Case 1:19-cv-00719-GHW   Document 1   Filed 01/24/19   Page 11 of 18

advantages or accommodations."

51. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

52. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing. Plaintiff intends to return to the Subway Restaurant in the future once the discriminatory conduct is remediated.

53. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities of its restaurants under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

54. The actions of Defendants were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

55. Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

56. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

57. Plaintiff is also entitled to reasonable attorneys' fees and costs.

58. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)

59. Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 53.

60. Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

61. N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . ."

62. N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

63. Defendants own and/or operate the Subway Restaurant, which is a public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).

64. Defendants are subject to New York Civil Rights Law because it owns and operates the Restaurant. Defendants are a person within the meaning of N.Y. Civil Law § 40-c(2).

65. Defendants are violating N.Y. Civil Rights Law § 40-c(2) in denying deaf and hard-of-hearing patrons full and equal access to the goods and services that Defendants make available to the non-disabled public.

66. In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty-two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . . "

67. Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside . . . "

68. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

69. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability. Plaintiff was refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

70. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every

offense.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)

71. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

72. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation . . . [b]ecause of any person's . . . disability . . . directly or indirectly . . . [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation."

73. Defendants own, license, and/or operate the Subway Restaurant, which is a public accommodation within the definition of N.Y.C. Administrative Code § 8-102.

74. Defendants are subject to City Law because it owns and operates the Subway Restaurant. Defendants are a person within the meaning of N.Y.C. Administrative Code § 8-102.

75. Defendants are violating N.Y.C. Administrative Code § 8-107(4)(a) in denying deaf and hard-of-hearing patrons full and equal access to the facilities, goods, and services that Defendants make available to the non-disabled public. Specifically, Defendants are required to "make reasonable accommodation to the needs of persons with disabilities . . . it is an unlawful discriminatory practice for any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is

known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

76. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

77. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of its restaurants under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

78. The actions of Defendants were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

79. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

80. Plaintiff is also entitled to reasonable attorneys' fees and costs.

81. Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)

82. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

83. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and believes that Defendants deny, that the Restaurant denied deaf and hard-

of-hearing individuals the full and equal access to the goods and services, which Defendants own, operate, and/or control, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the deaf and hard of hearing.

84. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

85. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

86. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the City Law.

87. Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals;

88. Order Defendant Doctor's Associates:

  i. to develop, implement, promulgate, and comply with a company policy and training process which: includes clauses for anti-discrimination and anti-harassment against customers with disabilities, requires all franchisees and franchise owners to comply with and sign said policy and to train their

employees on said policy, and prohibits future discrimination against Plaintiff and other deaf or hard-of-hearing individuals by educating its franchisees and franchise owners about the communication needs of deaf and hard-of-hearing individuals and promotes a culture of providing all customers, disabled and non-disabled alike, with equal respect and service;

    ii. to develop, implement, promulgate, and comply with a policy and training process to ensure that Defendant Manchanda, Defendant Geeta Fastfood, and other franchisees and franchise owners of its restaurants will consider the communication needs of deaf individuals who seek Defendants' goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible; and

    iii. to train all its employees, staff, vendors, franchisees, franchise owners, and other agents on a regular (at least annual) basis about the rights of individuals who are deaf or hard of hearing under the ADA, the New York State Human Rights Law, and the City Law against Discrimination.

89. Order Defendants Manchanda and Geeta Enterprises:

    i. to train all of their employees and staff on a regular (at least annual) basis about the rights of individuals who are deaf or hard of hearing, and to enforce a policy and training process which includes anti-discrimination and anti-harassment against customers with disabilities, and prohibits future discrimination against Plaintiff and other deaf or hard-of-hearing individuals by educating their employees about the communication needs of deaf and hard-of-hearing individuals and promotes a culture of providing all customers, disabled and

non-disabled alike, with equal respect and service; and

    i.    to consider the communication needs of deaf individuals who seek their goods and/or services and will affirmatively work with deaf individuals to provide effective auxiliary aids and services to make their services accessible.

90. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of his civil rights under New York State Human Rights Law and the City Law;

91. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

92. For pre- and post-judgment interest to the extent permitted by law; and

93. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: January 24, 2019                                      LEE LITIGATION GROUP, PLLC

                                                                                   By: */s/ C.K. Lee*_____
                                                                                        C.K. Lee, Esq.

                                                                                      C.K. Lee (CL 4086)
                                                                                      Anne Seelig (AS 3976)
                                                                                      30 East 39th Street, Second Floor
                                                                                       New York, NY 10016
                                                                                       Tel.: 212-465-1188
                                                                                       Fax: 212-465-1181