UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PHILLIP SULLIVAN, JR.,                              Case No.: 1:19-cv-00719

                *Plaintiff*,                           **AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

     -*against*-

DOCTOR'S ASSOCIATES LLC,
GEETA FASTFOOD ENTERPRISE INC,
and ABHIMANUE MANCHANDA,

                *Defendants*.
-----------------------------------------------------------------X

       Defendants Geeta Fastfood Enterprise Inc and Abhimanue Manchanda (together, the "**Defendants**"), by and through its undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the second amended complaint, filed on January 31, 2020, (the "**Complaint**") of Phillip Sullivan, Jr. (the "**Plaintiff**"), hereby admit, deny and allege as follows:

## PRELIMINARY STATEMENT

    1.     No response is required to the statements set forth in paragraph "1".

## JURISDICTION AND VENUE

    2.     The allegations contained in paragraph "2" of the Complaint set forth legal conclusions for which no response is required.

    3.     The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

    4.     The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

    5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5"of the Complaint.

## **PARTIES**

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6"of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7"of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8"of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9"of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10"of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11"of the Complaint.

12. No response is required to the statements set forth in paragraph "12".

13. The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14"of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15"of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16"of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17"of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18"of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19"of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20"of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21"of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22"of the Complaint.

## **FACTUAL ALLEGATIONS**

**Plaintiff SULLIVAN's Experience**

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23"of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24"of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25"of the Complaint.

26. Defendants deny the allegations contained in paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in paragraph "28" of the Complaint.

**The New York Defendants Violated the ADA and the New York Laws**

29. Defendants deny the allegations contained in paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in paragraph "32" of the Complaint.

33. The allegations contained in paragraph "33" of the Complaint set forth legal conclusions for which no response is required.

**DAL Violated the ADA and the New York Laws**

34. Defendants deny the allegations contained in paragraph "34" of the Complaint.

35. No response is required to the statements set forth in paragraph "35".

36. No response is required to the statements set forth in paragraph "36".

37. No response is required to the statements set forth in paragraph "37".

38. No response is required to the statements set forth in paragraph "38".

39. No response is required to the statements set forth in paragraph "39".

40. No response is required to the statements set forth in paragraph "40".

41. No response is required to the statements set forth in paragraph "41".

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. No response is required to the statements set forth in paragraph "44".

45. No response is required to the statements set forth in paragraph "45".

46. No response is required to the statements set forth in paragraph "46".

**Franchisor DAL Directly Operates Its Franchisees' POS Systems**

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47"of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48"of the Complaint.

49. No response is required to the statements set forth in paragraph "49"

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50"of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51"of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52"of the Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53"of the Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54"of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55"of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56"of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57"of the Complaint.

58. No response is required to the statements set forth in paragraph "58"

59. No response is required to the statements set forth in paragraph "59"

60. No response is required to the statements set forth in paragraph "60"

61. No response is required to the statements set forth in paragraph "61"

## CLASS ALLEGATIONS

62. No response is required to the statements set forth in paragraph "62"

63. The allegations contained in paragraph "63" of the Complaint set forth legal conclusions for which no response is required.

64. The allegations contained in paragraph "64" of the Complaint set forth legal conclusions for which no response is required.

65. The allegations contained in paragraph "65" of the Complaint set forth legal conclusions for which no response is required.

66. The allegations contained in paragraph "66" of the Complaint set forth legal conclusions for which no response is required.

67. The allegations contained in paragraph "67" of the Complaint set forth legal conclusions for which no response is required.

68. The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required.

## ACCESS BARRIERS TO PLAINTIFF AND THE CLASS CANNOT BE REMOVED WITHOUT INJUNCTIVE RELIEF AGAINST DAL AND THE NEW YORK DEFENDANTS

69. Defendants deny the allegations contained in paragraph "69" of the Complaint.

70. No response is required to the statements set forth in paragraph "70"

71. No response is required to the statements set forth in paragraph "71"

72. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72"of the Complaint.

73. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73"of the Complaint.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74"of the Complaint.

75. The allegations contained in paragraph "75" of the Complaint set forth legal conclusions for which no response is required.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of Americans with Disabilities Act
*42 U.S.C. § 12181, et seq.*
*(on behalf of Plaintiff and the Class)*

76. No response is required to the statements set forth in paragraph "76"

77. The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

78. The allegations contained in paragraph "78" of the Complaint set forth legal conclusions for which no response is required.

79. The allegations contained in paragraph "79" of the Complaint set forth legal conclusions for which no response is required.

80. The allegations contained in paragraph "80" of the Complaint set forth legal conclusions for which no response is required.

81. The allegations contained in paragraph "81" of the Complaint set forth legal conclusions for which no response is required.

82. The allegations contained in paragraph "82" of the Complaint set forth legal conclusions for which no response is required.

83. The allegations contained in paragraph "83" of the Complaint set forth legal conclusions for which no response is required.

84. The allegations contained in paragraph "84" of the Complaint set forth legal conclusions for which no response is required.

85. Defendants deny the allegations contained in paragraph "85" of the Complaint.

86. The allegations contained in paragraph "86" of the Complaint set forth legal conclusions for which no response is required.

87. The allegations contained in paragraph "87" of the Complaint set forth legal conclusions for which no response is required.

88. The allegations contained in paragraph "88" of the Complaint set forth legal conclusions for which no response is required.

89. The allegations contained in paragraph "89" of the Complaint set forth legal conclusions for which no response is required.

90. The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

91. The allegations contained in paragraph "91" of the Complaint set forth legal conclusions for which no response is required. The allegations contained in paragraph "91" of the Complaint set forth legal conclusions for which no response is required.

## SECOND CAUSE OF ACTION

**Violation of New York State Human Rights Law**
N.Y. Exec. Law, Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York State subclass)

92. No response is required to the statements set forth in paragraph "92"

93. The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94. The allegations contained in paragraph "94" of the Complaint set forth legal conclusions for which no response is required.

95. The allegations contained in paragraph "95" of the Complaint set forth legal conclusions for which no response is required.

96. The allegations contained in paragraph "96" of the Complaint set forth legal conclusions for which no response is required.

97. The allegations contained in paragraph "97" of the Complaint set forth legal conclusions for which no response is required.

98. The allegations contained in paragraph "98" of the Complaint set forth legal conclusions for which no response is required.

99. The allegations contained in paragraph "99" of the Complaint set forth legal conclusions for which no response is required.

100. The allegations contained in paragraph "100" of the Complaint set forth legal conclusions for which no response is required.

101. Defendants deny the allegations contained in paragraph "101" of the Complaint.

102. The allegations contained in paragraph "102" of the Complaint set forth legal conclusions for which no response is required.

103. The allegations contained in paragraph "103" of the Complaint set forth legal conclusions for which no response is required.

104. The allegations contained in paragraph "104" of the Complaint set forth legal conclusions for which no response is required.

105. The allegations contained in paragraph "105" of the Complaint set forth legal conclusions for which no response is required.

106. The allegations contained in paragraph "106" of the Complaint set forth legal conclusions for which no response is required.

### THIRD CAUSE OF ACTION

**Violation of New York State Civil Rights Law**
NY CLS Civ R, Article 4 (CLS Civ R § 40 *et seq*.)
(on behalf of Plaintiff and New York State subclass)

107. No response is required to the statements set forth in paragraph "107"

108. The allegations contained in paragraph "108" of the Complaint set forth legal conclusions for which no response is required.

109. The allegations contained in paragraph "109" of the Complaint set forth legal conclusions for which no response is required.

110. The allegations contained in paragraph "110" of the Complaint set forth legal conclusions for which no response is required.

111. The allegations contained in paragraph "111" of the Complaint set forth legal conclusions for which no response is required.

112. The allegations contained in paragraph "112" of the Complaint set forth legal conclusions for which no response is required.

113. The allegations contained in paragraph "113" of the Complaint set forth legal conclusions for which no response is required.

114. The allegations contained in paragraph "114" of the Complaint set forth legal conclusions for which no response is required.

115. Defendants deny the allegations contained in paragraph "115" of the Complaint.

116. Defendants deny the allegations contained in paragraph "116" of the Complaint.

117. The allegations contained in paragraph "117" of the Complaint set forth legal conclusions for which no response is required.

118. The allegations contained in paragraph "118" of the Complaint set forth legal conclusions for which no response is required.

## FOURTH CAUSE OF ACTION

**Violation of New York City Human Rights Law, N.Y.C. Administrative Code § 8-102,** *et seq.*
(on behalf of Plaintiff and New York State subclass)

119. No response is required to the statements set forth in paragraph "119"

120. The allegations contained in paragraph "120" of the Complaint set forth legal conclusions for which no response is required.

121. The allegations contained in paragraph "121" of the Complaint set forth legal conclusions for which no response is required.

122. The allegations contained in paragraph "122" of the Complaint set forth legal conclusions for which no response is required.

123. The allegations contained in paragraph "123" of the Complaint set forth legal conclusions for which no response is required.

124. Defendants deny the allegations contained in paragraph "124" of the Complaint.

125. Defendants deny the allegations contained in paragraph "125" of the Complaint.

126. The allegations contained in paragraph "126" of the Complaint set forth legal conclusions for which no response is required.

127. The allegations contained in paragraph "127" of the Complaint set forth legal conclusions for which no response is required.

128. The allegations contained in paragraph "128" of the Complaint set forth legal conclusions for which no response is required.

129. The allegations contained in paragraph "129" of the Complaint set forth legal conclusions for which no response is required.

## FIFTH CAUSE OF ACTION

### Declaratory Relief
(on behalf of Plaintiff and the Class)

130. No response is required to the statements set forth in paragraph "130"

131. The allegations contained in paragraph "131" of the Complaint set forth legal conclusions for which no response is required.

132. The allegations contained in paragraph "132" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

133. Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

134. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who she purports to represent, or to whom she purportedly is similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

135. Plaintiff's claims are barred in whole or in part by the Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

136. The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

137. Plaintiff has failed to mitigate his damages, if any.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

138. Plaintiff has failed to exhaust his administrative remedies

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

139. Plaintiff lacks standing to make the claims asserted herein as he is a serial ADA litigant who has and continues to pursue a course of litigation instituted without sufficient grounds and serving only to cause annoyance and expense to this and other similarly situated defendants for the purpose of recovery attorney's fees under the ADA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

140. Defendant Abhimanue Manchanda is an agent of Geeta Fastfood Enterprise Inc.

141. Defendant Geeta Fastfood Enterprise Inc. is the operator of a business located at the Premises.

142. Defendant Geeta Fastfood Enterprise Inc. is a New York corporation.

143. Defendant Abhimanue Manchanda is not responsible for the legal obligations of Defendant Geeta Fastfood Enterprise Inc.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

144. Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

## COUNTERCLAIM

145. Defendants have retained the Law Offices of Levin-Epstein & Associates, P.C. and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendants are entitled to recover attorneys' fees and costs incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes.

## RESERVATION OF RIGHTS

146. Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiff's claims.

**WHEREFORE**, Defendants demands judgment in their favor:

(a) denying Plaintiff is entitled to the relief for which she prays on behalf of himself or any other individual or to any other relief.

(b) dismissing the Complaint against Defendants Geeta Fastfood Enterprise Inc. and Abhimanue Manchanda on the merits with prejudice and in its entirety;

(c) awarding Defendants Geeta Fastfood Enterprise Inc. and Abhimanue Manchanda their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d) granting Defendants Geeta Fastfood Enterprise Inc. and Abhimanue Manchanda such other and further relief as the Court may deem just and proper.

Dated: February 21, 2020
    New York, New York

|       |                                                           |
|-------|-----------------------------------------------------------|
| By:   | /s/*Joshua D. Levin-Epstein*                              |
|       | Joshua D. Levin-Epstein, Esq.                             |
|       | 1 Penn Plaza, Suite 2527                                  |
|       | New York, New York 10119                                  |
|       | Telephone: (212) 792-0046                                 |
|       | Facsimile: (212) 563-7108                                 |
|       | Email: joshua@levinepstein.com                            |
|       | *Attorneys for Defendants Geeta Fastfood Enterprise Inc. and Abhimanue Manchanda* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020, I electronically filed the foregoing Answer with Affirmative Defenses and Counterclaim with the Clerk of the District Court using the CM/ECF system, which sent notification to all parties registered to receive notice via that service, including:

>LEE LITIGATION GROUP, PLLC
>C.K. Lee
>30 East 39th Street, Second Floor
>New York, NY 10016


/s/*Joshua D. Levin-Epstein*
Joshua D. Levin-Epstein, Esq.