USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2021

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

---

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Jason@levinepstein.com

January 14, 2021

**MEMORANDUM ENDORSED**

<u>*Via Electronic Filing*</u>
The Honorable Judge Gregory H. Woods
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

      Re:    *Sullivan v. Doctor's Associates LLC*
                  Case No.: 1:19-cv-00719

Dear Honorable Judge Woods:

      This law firm represents Defendant Geeta Fastfood Enterprise Inc. (the "Defendant") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules 1(A), this letter respectfully serves to inform the Court of recent developments regarding Defendant's subject premises, the Subway restaurant located at 223 Avenue B, New York, NY 100 (the "Subject Premises").

      By way of relevant background, Defendant was sued in its capacity of the franchisee / operator of the Subject Premises, in this ADA action. [*See* Dckt. No. 58 at ¶ 14].

      The Subject Premises has permanently closed. As of March 23, 2020, Defendant vacated the Subject Premises, and ceased its operations, as a result of the financial pressures related to the COVID-19 pandemic.

      A true and correct copy the Google webpage for the Subject Premises, as of the date of this letter, stating that the Subject Premises has permanently closed, is annexed hereto as **Exhibit "A"**.

      A true and correct copy of the Yelp webpage for the Subject Premises, as of the date of this letter, stating that the Subject Premises has permanently closed, is annexed hereto as **Exhibit "B"**.

      A true and correct copy of Defendant's final New York State Quarterly Sales Tax Form, representing that the Subject Premises has "closed permanently", is annexed hereto as **Exhibit "C"**.

      Plaintiff Phillip Sullivan, Jr.'s ("Plaintiff") sole federal claim concerns Defendant's alleged violations of the ADA. [*See* Dckt. No. 58 at ¶ 2].

      It is well-established that Title III of the ADA only allows for injunctive relief. *See* 42 U.S.C. § 12188(a)(1); 42 U.S.C § 2000a–3; *Bacon v. Walgreen Co.*, 951 F. Supp. 3d 446, 449 (E.D.N.Y. 2015).

The ongoing feasibility of "injunctive relief…is a question of mootness." *See Jones v. Goord*, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). "The mootness doctrine ensures that the occasion for judicial resolution…persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d Cir. 2011) (citation omitted). Critically, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013). The parties must continue to have a personal stake in the outcome of the litigation, and, if the parties have no such legally cognizable interest or the issues presented are no longer live, the claim becomes moot. *See id.; see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam).

Under these circumstances, a court will no longer have authority to adjudicate the case because "subsequent events [would have] made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Here, Plaintiff's ADA claim is moot because the place of public accommodation at issue no longer exists. The Subject Premises closed and there is no prospect that it will re-open, as Defendant terminated its tenancy. Given these developments, the Subject Premises at issue is no longer a place of public accommodation, and, therefore, is not subject to the ADA. *See Antolini v. 110 Thompson St Owners Corp et al*, 1:19-cv-10567-PGG-RWL (S.D.N.Y. 2020) at Dckt. No. 107 (report and recommendation dismissing ADA action against tenant).

Given that Plaintiff's sole federal claim is moot, this Court should respectfully decline to exercise supplemental jurisdiction over all remaining claims at issue in the litigation, including Plaintiff's claims under the Executive Law, New York State Civil Rights Law § 40, and the Administrative Code, as well as for common law negligence. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("If a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action"); *Kolari v. N.Y.- Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (declining to exercise supplemental jurisdiction over remaining state law claims because court dismissed all claims that it had original jurisdiction over); *Bacon*, 91 F. Supp. 3d at 453 (declining to retain jurisdiction over state law disability discrimination claims after dismissing ADA claim on mootness grounds); *Stan v. Wal-Mart Stores, Inc.*, 111 F. Supp. 2d 119, 127 n. 4 (N.D.N.Y. 2000) (dismissing ADA claims and declining to exercise jurisdiction over state law claims).

In the absence of original jurisdiction over any claim, "[i]t would [] be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction." *Cave.*, 514 F.3d at 250.

In light of the foregoing, it is respectfully submitted that this Court dismiss the action against Defendant, without prejudice, or in the alternative, order Plaintiff to "show cause in writing why the case should not be dismissed for mootness and lack of subject matter jurisdiction." *Antolini*, 1:19-cv-10567-PGG-RWL (S.D.N.Y. 2020) at Dckt. No. 83 (ordering

plaintiff to show cause why ADA action should not be dismissed for mootness upon receiving news of tenant defendant's permanent closure).

  Thank you, in advance, for your time and consideration.

            Respectfully submitted,

            LEVIN-EPSTEIN & ASSOCIATES, P.C.

          By: */s/ Jason Mizrahi*
            Jason Mizrahi
            420 Lexington Avenue, Suite 2525
            New York, NY 10170
            Tel. No.: (212) 792-0048
            Email: Jason@levinepstein.com
            *Attorneys for Defendant Geeta Fastfood*
            *Enterprise Inc.*

VIA ECF: All Counsel

Application denied. This document does not comply with Local Civil Rule 7.1. The Court also notes that this Court's Individual Rule of Practice 1(C) provides that pre-motion submissions are required for motions to dismiss. As a result, the Court declines to act on this request as if it were a properly filed motion. Instead, the Court will treat this letter as a request for a pre-motion conference. The Court will hold a pre-motion conference regarding Defendant's proposed motion to dismiss on January 21, 2021 at 2 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.
The Clerk of Court is directed to terminate the motion pending at Dkt. No. 73.

Dated: January 15, 2021

              GREGORY H. WOODS
              United States District Judge