# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Jason@levinepstein.com

January 28, 2021

*<u>Via Electronic Filing</u>*
The Honorable Judge Gregory H. Woods
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

      Re:    *Sullivan v. Doctor's Associates LLC*
              Case No.: 1:19-cv-00719

Dear Honorable Judge Woods:

      This law firm represents Defendants Geeta Fastfood Enterprise Inc. and Abhimanue Manchanda (together, the "Defendants") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules 1(A) and 2(C), this letter respectfully serves to request a pre-motion conference on Defendants' motion to stay all discovery pending briefing and resolution of Defendants' recently filed Motion to Dismiss [Dckt. Nos. 83-86] (the "Motion to Dismiss").

      Under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(c), a district court may stay discovery "for good cause." Fed.R.Civ.P. 26(c). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff s claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. 2016) (internal quotations and citation omitted).

      There is considerable support for Defendants' position that the action should be completely dismissed for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Conversely, Plaintiff could not, nor did he attempt to, make a good-faith argument opposing dismissal for lack of subject-matter jurisdiction. Rather than submitting a substantive response to Defendants' January 14, 2021 pre-motion conference letter [Dckt. No. 73], Plaintiff's counsel submitted a single paragraph letter unilaterally requesting a referral to the Court's mediation program. [Dckt. No. 75]. Moreover, at the January 21, 2021 conference, Plaintiff's counsel did not cite to any controlling legal authority in support of opposing dismissal of the action on the basis of the subject premises' permanent closure. It is therefore highly likely that Defendants' Motion to Dismiss will be granted.

      Under these circumstances, Defendants' should not be forced to incur the costs of paper discovery or depositions. At this point, requiring Defendants to participate in discovery before the Motion to Dismiss is decided will simply complicate what is a straight-forward issue. Defendants – who been financially ruined as a result of the COVID-19 pandemic [*see* Dckt. No. 86 at ¶ 3, Dckt. No. 73 at ¶3] – can simply not afford to bear the substantial costs and expenses of discovery. The burden to Defendants overwhelming favors a stay.

Lastly, granting a stay would not prejudice, or pose a risk to, Plaintiff. While this case bears an index number dating to early 2019, Plaintiff, for nearly half-a-year in 2020, did not prosecute the instant case. Between granting of former co-defendant Doctor's Associates LLC's ("DAL") motion to dismiss Plaintiff's January 31, 2020 Second Amended Complaint (the "SAC"), and the date of Plaintiff's initiation of any substantive activity on the docket – September 23, 2020 – nearly five (5) months had passed. [Dckt. Nos. 67, 70]. On September 2, 2020, the Court *sua sponte*, ordered Plaintiff to submit a joint letter proposed case management plan on or before September 14, 2020. [Dckt. No. 68]. On September 21, 2020, the Court threatened to dismiss the Action for failure to prosecute after Plaintiff failed to file a joint letter and proposed case management plan, as ordered by the Court. [Dckt. No. 69]. Under threat of sanctions, Plaintiff filed the joint letter and proposed case management plan on September 23, 2020. [Dckt. No. 70]. Of critical importance, Plaintiff's joint letter proposed case management plan ***explicitly requested that all "discovery be stayed"***. [*Id*. at *3, Dckt. No. 70-1 at ¶ 3]. Thus, a stay of discovery poses no risk to Plaintiff.

Due to the straight-forward issues involved, and the particularly heavy burden facing Defendants, it is respectfully requested that the Court consider deciding the request at – or shortly following – the scheduled telephonic conference. By way of background, the Court previously granted DAL's request to stay of discovery at the May 13, 2019 initial pretrial conference [Dckt. No. 33], without ordering formal briefing. *See also Arungwa v. Brennan,* 2019 WL 199515, at *2 (S.D.N.Y. 2019) (granting motion to stay discovery pending motion to dismiss, without requiring formal briefing, noting *inter alia* that movant's adversary had previously consented to a stay of all discovery).

In the alternative, to the extent the Court requires additional briefing on this matter, Defendants respectfully request that an expedited briefing schedule be so-ordered.

In light of the foregoing, Defendants respectfully request that the Court schedule a telephonic conference as soon as reasonably practicable to discuss Defendants' motion to stay discovery.

    Respectfully Submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
        Jason Mizrahi
        420 Lexington Ave., Suite 2525
        New York, NY 10170
        Tel.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Defendants Geeta Fastfood*
        *Enterprise Inc. and Abhimanue Manchanda*

To:    All Counsel of Record (via ECF)